## WILSON'S EXECUTOR *v.* DEEN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

Argued April 5, 6, 1887. — Decided April 25, 1887.

A judgment rendered on the merits in an action in a court of record is a bar
to a second suit between the same parties on the same cause of action;
and when the second suit involves other matter as well as the matters in
issue in the former action, the former judgment operates as an estoppel
as to those things which were in issue there, and upon the determination
of which the first verdict was rendered.

Extrinsic evidence, when not inconsistent with the record and not impugn-
ing its verity, is admissible at the trial of an action to show that a former
action in a court of record between the same parties, in which judgment
was rendered on the merits, involved matters in issue in the suit on trial,
and were necessarily determined by the first verdict.

On the 29th of October, 1873, Ann Maria Deen, the plain-
tiff in the court below, leased to one Mary C. C. Perry, of
New York, by an instrument under seal, the house known as
No. 4 East Thirtieth Street of that city, with the furniture
therein, for the term of two years and ten months from the
first day of November, 1873, at the rent of $450 a month,
payable in advance, with a clause of reëntry in case of default
in the payment of the rent, or in any of the covenants of the
lease.

At the same time, and upon the same paper, the defendant,
William M. Wilson, of New York, in consideration of the let-
ting of the premises to the lessee, and of the sum of one dollar
paid to him by the lessor, by an instrument under seal, cove-
nanted and agreed with her, that if default should be made at
any time by the lessee in the payment of the rent, and per-
formance of the covenants contained in the lease, he would
pay the rent, or any arrears thereof, and all damages arising
from the non-performance of the covenants.

No rent was paid by the lessee except for the first month,
and soon after December, 1873, she ceased to occupy the
house, and abandoned it. In March, 1874, the lessor gave

notice to her that, as she had abandoned the house, and there was danger of the furniture being injured, possession would be taken and the premises rented for the remainder of the term; and that the lessor would look to her for any deficiency in the rent and for the expenses of reletting, as well as for all damages that might be sustained by reason of the loss of or injury to the furniture

In April, 1874, the lessor took possession of the premises, and in November following leased the house, without the furniture, to one Sherman, for two years and five months from December 1, 1874, at $3600 a year, payable in half-yearly payments, in advance.

For the deficiency of the rent on the original lease, after deducting the amount collected from the new tenant, the present action was brought against the defendant as guarantor for the rent.

To the complaint setting forth the lease, the covenant of guaranty, the new lease, and the deficiency claimed to be due upon the lease, the defendant answered, denying, among other things, the allegations of abandonment of the premises by the lessee, of notice to her of the intention of the lessor to resume possession, and of the amount due; and for a separate defence alleged that in December, 1873, the plaintiff brought an action in the Marine Court of the city of New York against the defendant for the rent of the same premises for that month, and that the defendant recovered judgment therein against the plaintiff in the action, upon the merits thereof, and for costs.

On the trial, to meet the case established by the plaintiff, the defendant among other things, gave in evidence the judgment book of the Marine Court, showing a judgment, entered on the 12th of March, 1874, in favor of the defendant William M. Wilson against the plaintiff Ann Maria Deen, for $55.91 costs; and also the judgment roll in the action containing the summons and complaint, the answer, minutes of the verdict for the defendant, and the judgment in his favor. The complaint was upon the same lease as that upon which this action is brought, and was for rent for the month beginning on the first day of December, 1873. The answer, treating the lease

and the covenant upon .it as one instrument, set up that " on or about the 29th day of October, 1873, the plaintiff, by false and fraudulent statements, obtained the signature of Mary C. C. Perry and of this defendant to a paper purporting to be a lease of the premises described in the complaint ; that the said Mary C. C. Perry and this defendant were both misled by the false representations ; and that the said Mary C. C. Perry and this defendant were induced by their belief in the truth of such representations to sign the said paper." It was admitted of record by counsel for the plaintiff that " the only issue tried " in that action in the Marine Court " was that of fraud in procuring the lease," and that there was no issue as to the payment of the rent or as to the delivery of the lease.

When the evidence was closed, and the parties had rested, the defendant moved that the complaint be dismissed, on the ground that the judgment in the Marine Court was a bar to the action ; but the court denied the motion, and the defendant excepted. Afterwards the court directed the jury to find a verdict for the plaintiff for $12,026.89, the full amount claimed, less the rent for the month of December, 1873, which they accordingly did. To this direction an exception was taken.

*Mr. Edward C. Perkins* and *Mr. John C. Gray* for plaintiff in error cited: *Lumber Co.* v. *Buchtel,* 101 U. S. 638 ; *Beloit* v. *Morgan,* 7 Wall. 619 ; *Gardner* v. *Buckbee,* 3 Cowen, 120 ;[1] *Bouchaud* v. *Diaz,* 3 Denio, 238 ; *Duchess of Kingston's Case,* 20 How. St. Tr. 538 ; *Packet Co.* v. *Sickles,* 5 Wall. 580 ; *People* v. *Stephens,* 51 How. Pr. 235 ; *Griffin* v. *Long Island Railroad,* 102 N. Y. 449 ; *Tioga Railroad* v. *Blossburg & Corning Railroad,* 20 Wall. 137 ; *Pray* v. *Hegeman,* 98 N. Y. 351 ; *Lorillard* v. *Clyde,* 99 N. Y. 196, 201 ; *Day* v. *Watson,* 8 Mich. 535 ; *Rice* v. *Dudley,* 65 Ala. 68 ; *Hall* v. *Gould,* 13 N. Y. 127 ; *Bain* v. *Clark,* 10 Johns. 424 ; *Colburn* v. *Morrill,* 117 Mass. 262 ; *Christopher* v. *Austin,* 11 N. Y. 216 ; *Stuyvesant* v. *Davis,* 9 Paige, 427 ; *Jones* v. *Carter,* 15 M. & W. 718 ; *Combe* v. *Woolf,* 1 Moore & Scott, 241 ; *Liquidators of Overend & Co.* v. *Liquidators of Oriental Corporation,* L. R. 7 H. L. 348,

---

[1] *S. C.* 15 Am. Dec. 256.

361; *Horne* v. *Bodwell*, 5 Gray, 457; *Greely* v. *Dow*, 2 Met. (Mass.) 176; *Rees* v. *Berrington*, 2 Ves. Jun. 540; *Samuell* v. *Howarth*, 3 Meriv. 273; *Gahn* v. *Niemcewicz*, 11 Wend. 312; *Amory* v. *Kannoffsky*, 117 Mass. 351; *Hanham* v. *Sherman*, 114 Mass. 19, 23; *Davison* v. *Gent*, 1 H. & N. 744; *Thomas* v. *Cook*, 2 B. & Ald. 119; *Nickells* v. *Atherstone*, 10 Q. B. (N. S.) 944; *Bacon* v. *Chesney*, 1 Stark, 192; *Leeds* v. *Dunn*, 10 N. Y. 469, 477; *Bonar* v. *Macdonald*, 3 H. L. C. 226; *Glyn* v. *Hertel*, 8 Taunt. 208; *Philips* v. *Astling*, 2 Taunt. 206; *Smith* v. *United States*, 2 Wall. 219, 237, *McMicken* v. *Webb*, 6 How. 292, 298:

*Mr. Joseph A. Shoudy* for defendant in error. *Mr. Henry T. Wing* was with him on the brief.

I. The answer does *not* contain a denial of the abandonment of the premises by Mrs. Perry, the tenant. The only denial is the concluding paragraph, "of each and every other allegation of the complaint contained not hereinbefore admitted." Such a denial has been repeatedly held to raise no issue. *McEncroe* v. *Decker*, 58 How. Pr. 250; *People* v. *Snyder*, 41 N. Y. 397, 400; *People* v. *Northern Railroad Co.*, 53 Barb. 98.

II. The learned circuit judge correctly held that if the judgment in the Marine Court was to be regarded as in full force, it was not a bar under the issues in this case, except as to the rent for the month of December, 1873, which was the subject matter of the controversy in that action. His opinion contains a clear statement of the law applicable to the case, as it has been adjudged by this court, as well as by the highest court of the state of New York. The distinction is there clearly pointed out between a suit brought to recover the same identical demand which has been the subject of litigation in a former action, and another demand of the same nature. This cannot be better stated than by the learned judge below; and his views seem to be fully sustained by the two cases in 94 U. S. there referred to. *Cromwell* v. *Sac*, p. 351; *Davis* v. *Brown*, p. 423. The same view is adopted and

enforced by the Court of Appeals of the state of New York in *Marsh* v. *Masterton*, 101 N. Y. 401. The gist of that decision, as stated in the head note, is: "That a judgment in a former suit between the same parties is a bar to a subsequent action only when the *point* or *question in issue is the same in both.*"

In the suit in the Marine Court it was distinctly asserted that the lease never was delivered, and that possession was never taken thereunder. As to this defence, the Court of Appeals held that proof of contemporaneous or preceding oral stipulations not embraced in the lease was not admissible either in law or in equity to affect the covenants or agreements therein contained. *Wilson* v. *Deen,* 74 N. Y. 531.

III. The judgment of the Marine Court was not pleaded in bar to the cause of action alleged in the complaint. The answer in that respect is fatally defective. It is no answer to this point to say that the proof supplied the defect, even if it were true, as we submit that it was not. The defence must be alleged as well as proved. "Facts proved but not pleaded are not available to the party proving them." *Field* v. *Mayor of New York,* 6 N. Y. 179.[1] See also *Piatt* v. *Vattier,* 9 Pet. 405; *Harrison* v. *Nixon,* 9 Pet. 483. It is for the plaintiff in error to point out distinct and positive error. Otherwise the judgment below will not be disturbed. Every inference and intendment will be in support of the judgment. *Ventress* v. *Smith,* 10 Pet. 161; *Coffee* v. *Planters' Bank,* 13 How. 183, 186.

IV. The judgment in the Marine Court of the state of New York, although existing upon the record, had in fact been done away with by the acts and agreement of the party. There was a substantial agreement as to there having been an oral consent to do away with the proceedings in the Marine Court. We submit, that this oral consent, having been made in open court and the substance of it entered upon the minutes of the court, was as effectual as if it had been in writing. An oral consent made in open court, although it has reference to proceedings in another cause, will be enforced. *Jewett* v. *City of Albany,* Clarke Ch. 241; *Phillips* v. *Wicks,* 38 N. Y. Super. Ct.

---

[1] S. C. 57 Am. Dec. 435.

74. Such a consent, made in the progress of the trial, constitutes a valid and irrevocable agreement. Causes are tried every day and the most important matters finally determined on such consent. This judgment having been once done away with was forever abrogated. The plaintiff in error was thereafter estopped from making use of it. He received full consideration for the agreement in being permitted to proceed with the trial of his cause and obtain, as he did then, an adjudication of the court as to the validity of the lease.

V. The judgment in the Marine Court has been wholly annulled and vacated since the trial of this action by the judgment of the Supreme Court of the state of New York, which has been carried into effect in the Marine Court by the actual cancellation of the record there. The defendant in error now offers exemplified copies of the records in those courts, proving conclusively the facts here stated. This court will not reverse the judgment by reason of any error which may have been committed in regard to the effect of that judgment, which has now been done away, and would be no obstacle to a recovery on a new trial. The case of *Pugh* v. *McCormick*, 14 Wall. 361, is in point. This court is not inclined to reverse a judgment, unless there is some substantial error to the prejudice of the complaining party, and especially not where it appears that the error has become immaterial, and that the same party will be entitled to judgment if a new trial is granted. *Id.*, page 374. Records will be received in an appellate court for the purpose of upholding a judgment, though not for the purpose of reversing it. *Bank of Charlestown* v. *Emeric*, 2 Sandf. (N. Y.) 718; *Jarvis* v. *Sewall*, 40 Barb. 449, 455; *Rockwell* v. *Merwin*, 45 N. Y. 166; *Stilwell* v. *Carpenter*, 62 N. Y. 639; *Wines* v. *The Mayor*, 70 N. Y. 613; *Dakota* v. *Glidden*, 113 U. S. 222.

VI. The defendant in error had a clear legal right to take possession of the abandoned premises for their preservation, and for the purpose of rendering the injury to her as light as possible, and for the same purpose to let them for the account of the tenant without, in any manner, imparing her obligations under the lease against the surety. It is a well estab-

lished principle of law that when a person is liable to be injured by the breach of covenant or wrongful act of another he is bound to take *active measures* to render the injury as light as possible. This is a principle believed to be of universal application. *Hamilton* v. *MacPherson*, 28 N. Y. 72; *Hecksher* v. *McCrea*, 24 Wend. 304; *Clark* v. *Marsiglia*, 1 Denio, 317;[1] *Dillon* v. *Anderson*, 43 N. Y. 231; *Howard* v. *Daly*, 61 N. Y. 362; *Polk* v. *Daly*, 14 Abb. Pr. (N. S.) 156; *Warren* v. *Stoddart*, 105 U. S. 224.

This principle prevails in admiralty. When the charterer of a vessel fails to supply cargo, or refuses to perform the charter party, it is the duty of the owner to secure another freight or a new charter with as little delay as possible. *Baetjer* v. *Börs*, 7 Ben. 280; *Ashburner* v. *Balchen*, 7 N. Y. 262; *Duffie* v. *Hayes*, 15 Johns. 327; *Heckscher* v. *McCrea*, 24 Wend. 304. There is no good reason why this rule should not apply to demises of real estate as well as to other contract obligations.

VII. In order to effect a termination of the relation of landlord and tenant, there must be a surrender and acceptance either by act of the parties or operation of the law. *Beall* v. *White*, 94 U. S. 382, 389. There must not only be a surrender, but an acceptance as well, and in order to constitute an acceptance, the intention of the lessor is material. If the tenant abandons and the landlord relets the premises, giving the tenant notice that he does it for and on his (the tenant's) account, the surrender is not established. *Peter* v. *Kendal*, 6 B. & C. 703; *Walls* v. *Atcheson*, 3 Bing. 462; *Auer* v. *Penn*, 99 Penn. St. 370; *Bloomer* v. *Merrill*, 1 Daly (N. Y.) 485; *Meyer* v. *Smith*, 33 Ark. 627.

VIII. There is no ground for the claim on behalf of the plaintiff in error, that the notice to the tenant and her tacit assent thereto, worked a change of the contract, releasing the surety. *Morgan* v. *Smith*, 70 N. Y. 537, is in point; and on this point cannot be distinguished from the present case.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

---

[1] *S. C.* 43 Am. Dec. 670.

The conclusion we have reached as to the effect of the judgment of the Marine Court renders it unnecessary to pass upon, or even to state the other questions raised in the progress of the trial. There is nothing in the record tending to impair the force of that judgment. Notice of appeal from it to the general term of the court was given, but it does not appear that the appeal was ever prosecuted. The alleged parol stipulation by counsel, that the judgment might be vacated, is not admitted; but, if made, it is not shown to have been acted upon by any entry on the records of the Marine Court. The proceedings in the suit in the Supreme Court to cancel the lease and the ruling of the Court of Appeals therein, that evidence of cotemporaneous or preceding oral stipulations could not be received to control the lease, have no bearing upon the question before us, and the proceedings in the suit are still pending. As the case stands before us, the judgment of the Marine Court is in no respect impaired, and the defendant can invoke in his behalf whatever it concluded between the parties. The validity of the lease in suit here was involved there. The answer there alleged that, by false and fraudulent representations, the signature of the lessee was obtained to the lease, and that both she and the defendant Wilson were misled by those representations to sign the paper. The parties admitted that the only issue in that action was "that of fraud in procuring the lease." That issue being found by the verdict of the jury in favor of the defendant, the judgment thereon stands as an adjudication between the parties by a court of competent jurisdiction, that the lease was obtained upon false and fraudulent representations of the plaintiff, and, therefore, was of no obligatory force. It determined not merely for that case, but for all cases between the same parties, not only that there was nothing due for the rent claimed for the month of December, 1873, but that the lease itself was procured by fraud, and therefore void.

In *Cromwell* v. *County of Sac,* 94 U. S. 351, we considered at much length the operation of a judgment as a bar against the prosecution of a second action upon the same demand,

and as an estoppel upon the question litigated and determined in another action between the same parties upon a different demand, and we held, following in this respect a long series of decisions, that in the former case the judgment, if rendered upon the merits, is an absolute bar to a subsequent action, a finality to the demand in controversy, concluding parties and those in privity with them; and that in the latter case, that is, where the second action between the same parties is upon a different demand, the judgment in the first action operates as an estoppel as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered. Of the application of this rule *Gardner* v. *Buckbee*, 3 Cowen, 120,[1] furnishes an illustration. There it appeared that two notes had been given upon the sale of a vessel. On examination the vessel proved to be unseaworthy, and the maker of the notes refused to pay them on the ground of fraudulent representations by the vendor. Thereupon an action was brought by the holder upon one of the notes in the Marine Court of the city of New York. The defendant pleaded the general issue, with notice of a total failure of consideration for the notes, on the ground of fraud in the sale of the vessel, and upon that point judgment was rendered in his favor. The holder thereupon brought an action upon the other note in the Court of Common Pleas of the city of New York, and at the trial the defendant offered in evidence in bar of the action the record of the judgment in the Marine Court, the defence being fraud in the sale of the vessel, and the judgment having been rendered directly upon that issue between the same parties. The Court of Common Pleas decided that the judgment was not a bar, but the Supreme Court of the state reversed the decision, declaring the law to be well settled that a judgment of a court of concurrent jurisdiction directly upon the point is, as a plea or evidence, conclusive between the same parties upon the same matter directly in question in another court, referring to and following the rule laid down by Chief Justice De Grey in the celebrated case of the Duchess of Kingston. It was urged that the judgment in

---

[1] *S. C.* 15 Am. Dec. 256.

the Marine Court did not affirm any particular fact in issue in the Common Pleas, but was general and indefinite, and that, from the language of the record, it could not be inferred whether the two cases were founded upon the same or a different state of facts; but the court answered that it was true the record merely showed the pleadings and that judgment was rendered for the defendant, but it showed that it was competent on the trial to establish the fraud of the plaintiff; and whether fraud was the point upon which the decision was founded could be proved by extrinsic evidence; and that the admission of such evidence was not inconsistent with the record and did not impugn its verity.

This decision has been frequently cited with approval by this court and the courts of every state. It is everywhere recognized as correctly applying the law as settled in the Duchess of Kingston's case. It is not possible to distinguish it from the one before us. Fraud in procuring the lease, upon which this action is brought, was the point in issue in the action in the Marine Court between the same parties, and it having been found by the verdict of the jury against the plaintiff, and judgment having been rendered upon that finding, the fact thus established must necessarily defeat any subsequent action upon the same instrument between those parties. The effect of the judgment is not at all dependent upon the correctness of the verdict or finding upon which it was rendered. It not being set aside by subsequent proceedings, by appeal or otherwise, it was equally effective as an estoppel upon the point decided, whether the decision was right or wrong. *Packet Co.* v. *Sickles,* 5 Wall. 580; *Lumber Co.* v. *Buchtel,* 101 U. S. 638; *Tioga Railroad* v. *Blossburg & Corning Railroad,* 20 Wall. 137; *Pray* v. *Hegeman,* 98 N. Y. 351; *Merriam* v. *Whittemore,* 5 Gray, 316.

It is stated in the brief of counsel, and it was repeated on the argument, that the judgment of the Marine Court has been vacated by the Supreme Court of the state since this case was tried, in an action brought for that purpose. If such be the fact, it cannot be made available in this court to obviate an erroneous ruling at the trial.

During the pendency of the case in this court the defendant below, plaintiff in error here, has died, and the executor of his estate has been substituted as a party in his place.

*Judgment of the court below reversed, and cause remanded with direction to award a new trial.*