Joseph E. CURLOTT et al., Plaintiffs-Appellees and Cross-Appellants,

v.

Alan CAMPBELL et al., Defendants-Appellants and Cross-Appellees.

Nos. 78-2037, 78-2180.

United States Court of Appeals,
Ninth Circuit.

June 18, 1979.

John F. Cordes, Atty., Civ. Div., App. Section, Dept. of Justice, Washington, D.C., for defendants-appellants and cross-appellees.

Robert H. Wagstaff, of Wagstaff & Middleton, Anchorage, Alaska, for plaintiffs-appellees and cross-appellants.

Before CHOY and SNEED, Circuit Judges, and INGRAM,* District Judge.

SNEED, Circuit Judge:

This case is brought by a group of federal employees who contest the Civil Service Commission's interpretation of an Executive Order that reduced plaintiffs' benefits. Both parties appeal from an interlocutory judgment that refused to hold the Commission in contempt of an earlier declaratory judgment but ordered the Commission to pay the disputed benefits until the completion of certain due process procedures. Jurisdiction is conferred on this court by 28 U.S.C. § 1292(a)(1) (1976). For the reasons given below we affirm that part of the order that held the Commission not in contempt, reverse as to the remainder and remand for further proceedings.

## I.

### FACTS.

The controversy concerns a change made by the defendant and appellant Civil Ser-

---

* Honorable William A. Ingram, United States District Judge, for the Northern District of California, sitting by designation.

vice Commission in the method of calculating the cost-of-living allowance (COLA) paid to federal civil employees living in Alaska. Established in 1948 by President Truman in Executive Order 10,000, codified at 5 U.S.C. § 5941 (1976), the COLA supplements the basic pay of federal employees living in designated nonforeign areas where the cost of living is substantially higher than in Washington, D.C.

Section 205(b)(2) of the Executive Order forms the focal point of the dispute. This section directs the Civil Service System in fixing the COLA rate to "make appropriate deductions when quarters or subsistence, commissary or other purchasing privileges *are furnished* at a cost substantially lower than the prevailing local cost." (*Emphasis* added). In November 1976, the Commission issued new COLA rates applicable to federal employees living in Alaska. *See* 41 Fed. Reg. 51,579 (1976). These COLA rates reflected the Commission's adoption of an interpretation of "are furnished" that for the first time in Alaska provided for a reduction in the COLA whenever employees had *potential access* to the enumerated privileges, regardless of whether the privileges were being received as a direct result of the individual's present federal civilian employment.

As soon as the new COLA rates became effective, this lawsuit was filed challenging the reduction. Plaintiffs and cross-appellants (Employees) represent three groups [1] of presently employed federal civil workers whose COLA was reduced: (1) retired military persons who are entitled to military commissary and exchange; (2) spouses of retired military persons who are entitled to military commissary and exchange privileges; and (3) spouses of active duty military persons who are entitled to military commissary and exchange privileges as well as housing benefits. The Employees brought this action on several theories [2] seeking to have the Commission's interpretation of the Executive Order overturned, to have the previous interpretation reinstated, and to require the Commission to conform its procedures to the requirements of constitutional due process.

The Commission filed a motion for summary judgment contending that all of the Employees' claims lacked merit. Employees, in turn filed a motion for partial summary judgment on three of their claims, stating factual disputes precluded summary judgment on the other claims. The district court issued an opinion and order on October 7, 1977, published at 438 F.Supp. 505, which upheld the Commission's interpretation of "are furnished," declined to reach several of the Employees' claims, and ruled that the Commission had violated the Employees' procedural due process rights in reducing their COLA without giving them notice and an opportunity to make written comments. *See Curlott v. Hampton*, 438 F.Supp. 505 (D. Alaska 1977). The court stated that "any reduction [of benefits] based upon . . . a change in interpretation must await the comment procedure." *Id.* at 509. On October 11, 1977, the district court entered a judgment incorporating these rulings and remanding the case to the Commission. Clerk's Record at 270. The Commission filed a notice of appeal; the Employees filed a notice of cross-appeal. On April 21, 1978, these appeals were dismissed by the Court of Appeals by stipulation of the parties pursuant to Fed.R.App.P. 42(b).

Because the Commission continued to pay the reduced COLA rates, the Employees requested an Order to Show Cause why the Commission should not be held in contempt

---

1. Although the lawsuit was filed as a class action, the classes have not yet been certified.

2. The primary claim of the plaintiffs was that section 205(b)(2) of the Executive Order should be applied only to those federal employees who "are furnished" lodging, commissary, or other benefits directly as part of their federal employment. The plaintiffs also claimed that the Commission's actions reducing the COLA rates violated plaintiffs' procedural due process rights, usurped Congress' powers, violated equal protection of the laws, abrogated plaintiffs' employment contracts, constituted an improper irrebuttable presumption, was arbitrary, and failed to follow the Executive Order's procedural requirements.

for failure to comply with the district court's October 11, 1977 judgment. In an April 27, 1978 memorandum and order, from which the present appeals are taken, the district court ruled that, inasmuch as its October 11 judgment was declaratory rather than injunctive, the Commission should not be held in contempt. In order to effectuate the October 11 judgment, however, the court issued a two-part injunction (1) ordering the Commission to pay the Employees all funds which they would have received had the prior interpretation of "are furnished" been in effect since October 11, 1978, and (2) enjoining the Commission from paying the reduced COLA rate until the Commission completed the hearing procedure outlined in the October 7, 1977 memorandum. Clerk's Record at 290–91.

The Commission filed a timely notice of appeal; the Employees filed a timely notice of cross-appeal. The district court subsequently stayed its order until June 2, 1978. On June 1, 1978, this court granted the Commission's motion for a stay pending appeal.[3]

The Employees contend that the sole question that this court may entertain on appeal is the authority of the district court to issue the April 27 injunction. They assert that the declaratory judgment of October 11 is an unappealed final judgment foreclosing such issues as are required by the principles of res judicata. The Commission challenges this contention, and maintains that the injunction must be reversed because the district court erred in finding that the Employees were entitled to due process proceedings prior to the reduction in the COLA rates.

We shall address initially the res judicata issue. Because we conclude that the October 11, 1977 judgment was not an appealable final order and that, as a consequence, it does not foreclose our consideration of the Commission's due process contentions, the balance of our discussion will focus on those contentions.

## II.

### APPLICABILITY OF RES JUDICATA.

■ To invoke res judicata under the circumstances of this case it must be established that the October 11 judgment was a final judgment subject to appeal within the time limits fixed by Rule 4(a), Fed.R.App.P. If the October judgment was appealable but unappealed, the issues contained therein are res judicata, whether the decision was right or wrong. *Milne v. Deen*, 121 U.S. 525, 532–34, 7 S.Ct. 1004, 30 L.Ed. 980 (1887). On the other hand, if the judgment was not appealable, we may review the district court's October 7 ruling as it relates to the Employees' due process rights.

The plaintiffs insist that the district judge intended the October 11 judgment to be final and appealable because he entered it on a form provided with the Federal Rules of Civil Procedure for entry of judgment pursuant to Fed.R.Civ.P. 58. *See* 6a Moore's Federal Practice ¶ 58.01[1.—2]; Clerk's Record at 270. Finality and appealability are prerequisites to our jurisdiction. These are imbedded in the statutes to which we must look for power to decide an appeal. *See Carroll v. United States*, 354 U.S. 394, 399, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1951). Thus, neither the forms nor the words used by the district judge determine whether a matter is appealable. *See, e. g., Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 742, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *Diversified Mortgage Investors v. U. S. Life Title Insurance Co.*, 544 F.2d 571, 578 (2d Cir. 1976) (Timbers, J., dissenting). It is to the applicable statutes, as interpreted by the courts, that we must look for "that clear statutory mandate" on which appealability of the October 11 judgment must rest. *Carroll v. United States, supra.*

---

**3.** Subsequent to the ruling below President Carter signed Executive Order 12,070, which temporarily reinstates the prior rate of COLA compensation effective June 30, 1978. Although this Executive Order apparently moots any further question which might be raised regarding the Commission's prospective interpretation of "are furnished," the Commission's obligation to pay the Employees the prior COLA rates for the period between October 11, 1977 and June 30, 1978 is properly before this court.

## A. 28 U.S.C. § 1291.

We commence with 28 U.S.C. § 1291, the statute that confers jurisdiction "of appeals from all final decisions of the district courts." The final judgment rule is "the dominant rule in federal appellate practice." *DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 658, 7 L.Ed.2d 614 (1962). Congress has created only limited statutory exceptions, *e. g.,* 28 U.S.C. § 1292 and 28 U.S.C. § 1651.[4] The rule rests primarily on a policy against piecemeal adjudication of claims. *See Gardner v. Westinghouse Broadcasting Co.,* 437 U.S. 478, 480, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978). Avoidance of piecemeal litigation requires a "final decision" that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Finality, however, need not necessarily await "the last order possible to be made in a case." *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964). *See Weingartner v. Union Oil Co.,* 431 F.2d 26, 27 (9th Cir. 1970), *cert. denied*, 400 U.S. 1000, 91 S.Ct. 459, 27 L.Ed.2d 451 (1971). Always to do so would, by enthroning technicality, usurp the claims of justice. "[T]he most important competing considerations are 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Gillespie v. United States Steel Corp., supra,* 379 U.S. at 152–53, 85 S.Ct. at 311 (quoting *Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 511, 70 S.Ct. 322, 94 L.Ed. 299 (1950)). We must balance these competing considerations and give "finality" a practical construction.

So guided we are convinced that the October 11 judgment was not a final decision of the district court and thus was not appealable under section 1291. Our holding rests primarily on the fact the Employees as plaintiffs sought summary judgment, not on all issues raised by their complaint, but rather on three issues only; *viz.*, the proper legal meaning of "are furnished" as used within section 205(b)(2) of the Executive Order; whether the Executive Order had been followed; and whether a procedural due process hearing was required prior to reduction of the COLA. Clerk's Record at 139–40. Issues expressly excluded from their request were the usurpation of the power of Congress, denial of equal protection, violation of contract rights, and the impropriety of an irrebuttable presumption.

A better demonstration of a desired to proceed in a piecemeal manner would be difficult to find. Moreover, the district court proceeded as the Employees requested. It upheld the Commission's interpretation of "are furnished," found that the Executive Order had been followed, held that due process procedures must be given to Employees prior to withholding benefits, and remanded to the Commission for action in keeping with its conclusion. Its piecemeal approach was made explicit when it declined to pass on several of plaintiffs' contentions "at the present time," 438 F.Supp. at 509, and justified its declination by pointing out that the other issues might be altered or moot following the pretermination due process procedures required by the court.

While we express no disapproval of what perhaps was an effort on the part of the district court to effectuate a pre-final judgment settlement of the disputes satisfactory to the parties, we are convinced that, whatever was the court's purpose, to permit appeal from the partial summary judgment of October 11 would have entailed the inconvenience and costs associated with piecemeal appeals. The availability of Rule 54(b) Fed.R.Civ.App. certification reinforces this conclusion.[5] Had the Employees

---

4. 28 U.S.C. § 1292 allows appeal of certain interlocutory decisions. The Court of Appeals may issue extraordinary writs under 28 U.S.C. § 1651.

5. Fed.R.Civ.Pro. 54(b) permits an appeal from a judgment concerning one or more but less than all claims or parties in a multiple-claim or multiple-party suit if the trial court issues a certification stating that there is "no just reason for

wished a final and complete disposition, as did the Commission, they could have obtained it; had they or the Commission wished an appeal with respect to fewer than all the claims, they could have requested Rule 54(b) certification. Having done neither, the grant of summary judgment on less than the entire litigation does not constitute a final appealable judgment. *See Liberty Mutual Insurance Co. v. Wetzel, supra,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435; 10 Wright & Miller, Federal Practice and Procedure § 2715 (1973).

**B. 28 U.S.C. § 2201.**

■ The plaintiffs next assert that the October 11 judgment was appealable under the Declaratory Judgment Act, 28 U.S.C. § 2201.[6] Once more their argument fails. Piecemeal adjudication does not become appealable merely because cast in the form of a declaratory judgment. *Liberty Mutual Insurance Co. v. Wetzel, supra,* 424 U.S. at 742–44, 96 S.Ct. 1202 teaches as much. There the Supreme Court held a declaratory judgment on liability not appealable because the plaintiffs failed to receive any of the relief for which they had prayed. Here the plaintiffs failed to obtain the determination regarding the meaning of the Executive Order they sought and received nothing more than favorable declaratory adjudication on procedural due process only. As the Supreme Court said in *Liberty Mutual Insurance Co.*: "Had respondents sought *only* a declaratory judgment, and no other form of relief, we would of course have a different case." 424 U.S. at 742, 96 S.Ct. at 1206. Likewise here, had Employees sought

---

delay" and upon an express direction for the entry of judgment. *See Kirtland v. J. Ray McDermott & Co.,* 568 F.2d 1166 (5th Cir. 1978).

6. This section permits the courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201.

7. Even if an injunction were to be found, interlocutory appeals under 28 U.S.C. § 1292(a)(1) are permissive, not mandatory. *Baldwin v. Redwood City,* 540 F.2d 1360 (9th Cir. 1976),

---

a declaratory judgment on procedural due process only we would have a different case.

**C. 28 U.S.C. § 1292(a)(1).**

■ The Employees assert finally that the October 11 judgment was an appealable interlocutory order under 28 U.S.C. § 1292(a)(1) which grants the court of appeals jurisdiction over appeals of injunctions. In its April 27 memorandum, the district court stated that the October 11 judgment embodied no injunction.[7] Clerk's Record at 289. We accept that conclusion. Unless there is an injunction, section 1292(a)(1) does not apply.

■ In sum, because appellate jurisdiction to consider the October 11 judgment would have been lacking, res judicata does not foreclose our consideration of the Commission's due process contentions. We now turn to those contentions.

### III.

### DUE PROCESS PROCEDURES.

The district court found that the Commission was required to provide so-called "written comments" due process procedures prior to reducing the plaintiffs' COLA.[8] Inherent in this finding is a determination by the district court that the Employees had a property interest in the unreduced COLA. *See Board of Regents v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The Supreme Court defined a "property interest" as follows:

---

*cert. denied,* 431 U.S. 913, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977).

8. The court made it clear that it was basing this requirement on the Constitution and not the Administrative Procedure Act (APA). The court held the APA rulemaking provisions inapplicable here because the Commission's decision to enforce the "are furnished" provision was interpretive. 438 F.Supp. at 509 n. 2. *See* 5 U.S.C. § 553(b)(A). The APA also is inapplicable because the Commission decision involves a management/personnel matter. *See* 5 U.S.C. § 553(a)(2).

To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

408 U.S. at 577, 92 S.Ct. at 2709.

The Court explained further that property interests spring from an "independent source"; they are not created by the Constitution. *Id.* Here the source must be, if it exists at all, the federal statute creating COLA along with the implementing Executive Order.

Close scrutiny of this source is not necessary, however. We assume for the purposes of this appeal, without so deciding, that the Employees have a property interest in unreduced COLA. This assumption provides no aid to the Employees.

■ At the outset we doubt very much that procedural due process prior to reduction of benefits is required when an agency makes a broadly applicable, legislative-type decision. *See Bi-Metallic Investment Co. v. State Board of Equalization,* 239 U.S. 441, 36 S.Ct. 141, 60 L.Ed. 372 (1915). The proper remedy under those circumstances is judicial review after promulgation of the new rule. *See Pickus v. United States Board of Parole,* 177 U.S.App.D.C. 93, 97–98, 543 F.2d 240, 244–45 (1976).

In mandating the procedural due process proceedings, the district court relied mainly on *Thompson v. Washington,* 162 U.S.App. D.C. 39, 497 F.2d 626 (1973), which ruled that tenants of low cost housing had a due process right to be heard before the agency authorized a schedule of rent increases. The *Thompson* court felt that although a large group was involved and individual determinations were not being made, "the correct approach is to ascertain whether tenants can make relevant contribution to

the issues presented for decision . . . ." 162 U.S.App.D.C. at 51 n. 42, 497 F.2d at 638 n. 42. Although the prospects of receiving perhaps hundreds of due process pre-reduction written comments might well have induced the Commission to consider abandoning its 1976 interpretation of COLA benefits, it is unlikely that the Employees through such comments could make relevant contributions to the issues not already known or available to the Commission.

■ In any event, due process procedures, even when required, do not have to occur *prior* to the reduction in benefits. To support the necessity of pretermination due process, the Employees cite *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), in which the Supreme Court held that a full evidentiary hearing was required before welfare benefits could be terminated. In *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) the Supreme Court noted that *Goldberg* was unique and exceptional because welfare benefits provide the means by which welfare recipients live. 424 U.S. at 340, 96 S.Ct. 893. COLA benefits are supplementary pay. Their reduction neither would, nor did, imperil life. The Court in *Mathews* stated that a "claim to a predeprivation hearing as a matter of constitutional right rests on the proposition that full relief cannot be obtained at a postdeprivation hearing." 424 U.S. at 331, 96 S.Ct. at 900–901. In our case, the Back Pay Act, 5 U.S.C. § 5596, would have entitled Employees to full retroactive COLA if the Commission were, on reconsideration, to uphold Employees' interpretation of the "are furnished" provision.[9] Moreover, should it be judicially determined ultimately that the Employees were denied COLA benefits wrongfully, the Back Pay Act is available to provide complete relief. The Act oper-

---

**9.** This court is informed by government counsel that the written comments procedure required by the district court is now complete. The decision of the Office of Personnel Management (successor to the Civil Service Commission pursuant to the Civil Service Reform Act of 1978, Pub.L.No. 95–454, 92 Stat. 1111 (1978)) will be published in the Federal Regis-

ter shortly. This decision upholds the Commission's earlier interpretation that "are furnished" applies when a person has access to the enumerated benefits. The issue of pre-reduction due process procedures does not thereby become moot. At stake remains the question of the obligation to pay unreduced COLA until the completion of the hearing process.

ates as a waiver of sovereign immunity to provide complete monetary relief to the Employees. *See United States v. Testan,* 424 U.S. 392, 405–07, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Under these circumstances the Employees are not entitled to a pre-reduction hearing.

Therefore, we affirm the finding of the district court that the Commission was not in contempt; we reverse, however, that part of the injunction that orders the Commission to pay the plaintiffs the funds they would have received had the prior interpretation of "are furnished" been in effect from October 11, 1977 to the time of the injunction. We also reverse that part of the district court's order that enjoins the Commission from paying the reduced rate from the time of the injunction until the completion of the due process procedures. We remand to the district court for a final determination of all issues remaining unadjudicated in this case.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.