942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory S. BODELL, an individual Plaintiff-Appellant,
v.
WALBROOK INSURANCE COMPANY LIMITED, et al., Defendants-Appellees.
 No. 90-55863.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1991.
Decided Sept. 3, 1991.
 
 1
 Before REINHARDT and FERNANDEZ, Circuit Judges, and CROCKER, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Gregory S. Bodell appeals from the district court's decision that his legal malpractice insurance policy does not obligate appellees, his insurers, to defend him against criminal charges arising out of his legal practice. The district court refused Bodell's request for declaratory relief and sua sponte granted summary judgment in favor of the insurers. However, it has not yet ruled on several counterclaims brought by the insurance companies against Bodell and other attorneys. We dismiss for lack of jurisdiction over this interlocutory appeal.[1]
 
 Facts
 
 4
 Sometime in late 1988, a federal grand jury began investigating appellant Gregory S. Bodell and a "network" of other attorneys who allegedly had defrauded insurance companies by manipulating civil litigation. In March, 1990, Bodell brought this action against his legal malpractice insurers, seeking a declaration that they were obligated to defend him in any criminal proceedings arising out of his legal practice. On April 20, 1990, Bodell moved for summary judgment against his insurers. Four days later, a federal grand jury indicted Bodell for mail fraud and RICO violations stemming from his alleged manipulation of law suits. On May 15, 1990, Bodell pled guilty to one count of mail fraud and the other charges against him were dismissed. On May 21, 1991, appellee malpractice insurers counterclaimed against Bodell and several newly-joined counterdefendants, seeking rescission of the insurance contracts. On June 5, 1990, the district court denied Bodell's motion for summary judgment and sua sponte granted summary judgment for the insurers on the issues raised by Bodell in his original complaint.[2] On June 25, 1990, Bodell filed the present appeal.
 
 Discussion
 
 5
 Both parties assert that we have jurisdiction over this appeal, but they disagree over the source of our jurisdiction. Appellees argue that the district court issued a final, appealable order under 28 U.S.C. § 1291 and the Declaratory Judgment Act, 28 U.S.C. § 2201. Bodell, on the other hand, would have us derive jurisdiction from 28 U.S.C. § 1292(a)(1), which allows appeals from interlocutory orders granting or denying an injunction.
 
 
 6
 The parties cannot confer subject-matter jurisdiction on this court through their consent or waiver. Mitchell v. Maurer, 293 U.S. 237, 244 (1934); Reconstruction Finance Corp. v. Katz, 156 F.2d 215, 217 (9th Cir.1941). Indeed, this court has a duty to raise any jurisdictional defects which the parties neglect. Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908); see also Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 740 (1976). Therefore, we cannot reach the merits unless we first find jurisdiction.
 
 
 7
 Jurisdiction Over Appeals From Final Orders
 
 
 8
 The present appeal does not fit within our jurisdiction to decide "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Although the district court's summary judgment order resolved the issues raised by Bodell in his complaint, it did not dispose of several outstanding counterclaims filed by the insurers against Bodell and the other counterdefendants. Under Fed.R.Civ.P. Rule 54(b),
 
 
 9
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.
 
 
 10
 (emphasis added). Here, the district court did not enter judgment as to all the parties. Nor did it determine there was no just reason for delay or direct the entry of a final judgment as to the issues resolved by its order. The district court did not, in other words, issue a final, appealable order under 28 U.S.C. § 1291. See Island Service Co. v. Perez, 255 F.2d 559 (9th Cir.1957).
 
 
 11
 Nothing in the Declaratory Judgment Act changes this result. That Act provides that a declaratory judgment "shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201. Under this circuit's precedent, however, "[p]iecemeal adjudication does not become appealable merely because cast in the form of a declaratory judgment." Curlott v. Campbell, 598 F.2d 1175, 1180 (9th Cir.1979), citing Liberty Mutual, 424 U.S. at 742-44. Thus, a declaratory judgment which does not resolve all outstanding legal disputes between the parties is not an appealable order under 28 U.S.C. § 1291. Curlott, 598 F.2d at 1180.
 
 
 12
 Tafoya v. Western Conference of Teamsters Pension Trust Fund, 909 F.2d 344 (9th Cir.1990), cited by the insurers, does not support appellate jurisdiction here. The plaintiff Tafoya had been denied retirement benefits by the defendant union trust fund and brought suit challenging the denial under the Labor Management Relations Act. The district court resolved all the legal issues before it, formulating a legal standard by which to evaluate the plaintiff's claim, and then remanded to the pension fund to apply that standard to the facts of the case. The defendant appealed and we held that appellate jurisdiction was proper under 28 U.S.C. § 1291. See id. at 347.
 
 
 13
 Tafoya belongs to a series of cases allowing appeal from a district court decision determining a legal standard and remanding for administrative application of that standard. See, e.g., Stone v. Heckler, 722 F.2d 464, 467-68 (9th Cir.1983). The underlying rationale of these cases is two-fold. First, because the district court proceedings have already come to a halt due to the remand, allowance of the appeal will not promote piecemeal litigation by arbitrarily halting the lower court proceedings. Second, because the validity of the future proceedings depends upon the correctness of the legal standard chosen by the district court, efficiency is served by allowing an appeal of the district court's determination to ensure that the administrative hearing proceeds on the basis of the correct legal standard. See id. at 467.
 
 
 14
 Neither of these rationales is applicable to the instant case. Here, the district court has not disposed of all the legal issues before it as the insurer's claims for recission remain unresolved. Allowance of this appeal will delay the district court proceedings on those claims and thereby promote "piecemeal" litigation. In addition, there are no proceedings before some other entity, the validity of which depends upon the correctness of the court's disposition of Bodell's claim for declaratory relief. The only proceedings directly affected by the district court's ruling are those in the district court. Consequently, this case does not fall within the Tafoya line of cases.
 
 Jurisdiction Over Interlocutory Appeals
 
 15
 Bodell argues that we have jurisdiction over his appeal under 28 U.S.C. § 1292(a)(1). That code section allows jurisdiction over interlocutory appeals from orders granting, modifying, or denying an injunction. Bodell contends that judgment in his favor would have forced appellees to defend him. Thus, he asserts, the district court's order denied what was in substance an injunction--and is appealable as such.
 
 
 16
 Section 1292(a) of Title 28, U.S.C., provides that
 
 
 17
 [T]he courts of appeals shall have jurisdiction of appeals from:
 
 
 18
 (1) Interlocutory orders of the district courts of the United States ..., or of the judges thereof, granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.
 
 
 19
 The Supreme Court has limited the application of this provision to appeals from orders which grant prospective relief that might have "serious, perhaps irreparable, consequences" if not immediately appealed. Carson v. American Brands, Inc., 450 U.S. 79, 83-84 (1981).
 
 
 20
 The fact that Bodell requested a "declaratory judgment" rather than an "injunction" does not, in itself, defeat appellate jurisdiction. Appealability "turns not on labels but on the substantial impact of the order." Nguyen Da Yen v. Kissinger, 528 F.2d. 1194, 1199 n. 4, (9th Cir.1975). The Supreme Court has often recognized that a declaratory judgment "may in every practical sense operate" as an injunction. Great Lakes Co. v. Huffman, 319 U.S. 293, 299 (1944). And, indeed, in the past we have found jurisdiction under section 1292(a)(1) on the sole basis of a declaratory judgment. Schwenke v. Secretary of the Interior, 720 F.2d 571, 572 n. 1 (1983).
 
 
 21
 The order in the present case does not give rise to jurisdiction, however, because Bodell pleaded guilty before the district court handed down its judgment. Bodell's plea bargain transformed his request for prospective relief into a demand for ex post facto compensation. Thus, when the district court denied Bodell's request, it was denying a request for retrospective relief. To be appealable under Carson, an order must at the very least have had prospective effect when issued.
 
 
 22
 The case of Gon v. First State Ins. Co., 871 F.2d 863, 866 (9th Cir.1989), does not contradict our conclusion. In that case, we heard an appeal from an interlocutory order directing an insurer to pay the defense costs of its insureds as they accrued. Gon does not control the present case because the order in Gon involved prospective relief.
 
 
 23
 We must also deny jurisdiction under section 1292(a)(1) because the present appeal would not "further the statutory purpose of 'permit[ting] litigants to effectively challenge interlocutory orders of serious, perhaps irreparable, consequences.' " Carson v. American Brands, Inc., 450 U.S. at 84, quoting Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 181 (1955) (emphasis added); see generally, Samoya v. Chicago Bd. of Education, 783 F.2d 102, 104 (7th Cir.1986) (interlocutory appeal denied where plaintiff children were no longer in age group allegedly discriminated against). Bodell has long since pled guilty, so any delay in this appeal will not impair his ability to mount an effective criminal defense. Where neither party has shown that an immediate appeal is necessary to prevent irreparable consequences, we will adhere to our policy against piecemeal adjudication.
 
 Conclusion
 
 24
 Because we find no basis for jurisdiction, the appeal is DISMISSED.
 
 
 
 *
 The Honorable M.D. Crocker, Senior District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided in Circuit Rule 36-3
 
 
 [1]
 While we do not here reach the merits of the parties' dispute, we note that the appellant raises substantial issues that will warrant serious consideration when the appeal is properly before us
 
 
 [2]
 On June 18, 1990, Bodell filed a request for reconsideration or, in the alternative, entry of judgment in conformance with Fed.R.Civ.P. 54(b) in order to allow an appeal. The court apparently rejected this motion the next day for failure to conform with local rules