JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal by Motorists Mutual Insurance Company ("Motorists") from an order of Judge Timothy P. McCormick, holding that Kathleen Lapeus and her children are insureds, and entitled to underinsured motorist ("UIM")coverage under a Motorists automobile liability insurance policy issued to Ms. Lapeus, for their claims arising from the death of Ms. Lapeus' mother. We dismiss the appeal, sua sponte, for lack of a final appealable order.
 {¶ 2} In December of 2000, Margaret Young ("Mrs. Young") was fatally injured in an auto accident. After settlement with the tortfeasor, William Young, as executor of his wife's estate and as an individual, and his daughters, Deborah Young ("Ms. Young") and Kathleen Lapeus, and their children, pursued UIM claims against a number of insurance carriers through an action for declaratory judgment.
 {¶ 3} Mr. Young sought UIM coverage under a commercial general liability, a commercial automobile liability, and an umbrella policy issued by Cincinnati Insurance Co. ("Cincinnati") to his employer. Ms. Lapeus, who had her homeowner's and automobile liability insurance provided by Motorists, claimed UIM coverage under both for herself and her three daughters. Ms. Young, who had her homeowner's and automobile liability insurance provided by Nationwide Insurance Co. ("Nationwide") and was employed by an entity which had purchased several insurance policies from Northern Insurance Cos. Of New York ("Northern"), claimed UIM coverage thereunder for herself and her children. All beneficiaries of Mrs. Young's estate alleged coverage under a commercial general liability and "other" insurance policies issued by Nationwide to Mrs. Young's employer.
 {¶ 4} The claims against Cincinnati were settled and all claims against it were dismissed with prejudice. In a series of orders, the judge granted summary judgment to Northern, removing it as a party-defendant as well, and he also found no coverage under the Nationwide commercial liability policy of Mrs. Young's employer. He determined that Ms. Young and her children qualified as UIM beneficiaries under her Nationwide automobile liability policy, but there was no coverage under her homeowner's insurance policy. Finally, he ruled that Ms. Lapeus and her children were entitled to UIM coverage under her Motorists automobile liability insurance policy but not under its homeowner's policy. Only Motorists appealed.
 {¶ 5} Before we can address the merits, we must determine whether we have a final, appealable order to review. Ohio appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district.[1] A final order or judgment is one which affects a substantial right and, in effect, determines the action.[2] In GeneralAccident Ins. Co. v. Insurance Co. of North America,[3] the Ohio Supreme Court noted that if a judgment satisfies the requirements of R.C. 2505.02, then the court "must take a second step" to determine if the judgment satisfies Civ.R. 54(B), if applicable.
 {¶ 6} If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. When this jurisdictional issue is not raised by the parties to the appeal, then we must raise it sua sponte.[4]
 {¶ 7} A declaratory judgment action, by itself, is a "special proceeding" under R.C. § 2505.02, and declaratory judgment rulings setting forth the rights of parties constitute final, appealable orders.[5] Nevertheless, "piecemeal adjudication does not become appealable merely because [it is] cast in the form of a declaratory judgment."[6] In State ex rel. White v. Cuyahoga Metro.Hous. Auth.,[7] the Ohio Supreme Court acknowledged the general rule that "orders determining liability in the plaintiffs' * * * favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment."
 {¶ 8} Civ.R. 54 provides, in part, as follows: "(B) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 9} Rule 54(B)'s general purpose is to accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations,"[8] as well as to insure that parties to such actions may know "when an order has become final for purposes of appeal."[9]
 {¶ 10} Civ.R. 54(B), however, is merely a procedural device. It cannot affect the finality of an order. It "cannot abridge, enlarge, or modify any substantive right. * * * It permits both the separation of claims for purposes of appeal and the early appeal of such claims, within the discretion of the trial court, but it does not affect either the substantive right to appeal or the merits of the claims. * * *"[10] It has been stated that "[compliance with] Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable. * * *."[11]
 {¶ 11} The absence of Civ.R. 54(B) language, however, will not render an otherwise final order not final; that is, when all claims and parties are adjudicated in an action, Civ.R. 54(B) language is not required to make the judgment final.[12] Even though all the claims or parties are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable.[13] The use of Civ.R. 54(B) "no just reason for delay" language, however, is a mandatory requirement if the rule applies to a given case, because without this language, the order is still subject to modification and cannot be either final or appealable.[14]
 {¶ 12} As discussed above, rulings made upon declaratory judgment motions which assign rights and obligations of parties are final orders under R.C. 2505.02. Where multiple defendants exist, however, the rights and obligations of all parties must be determined by final order, in the absence of a Civ.R. 54(B) determination of the judge, or no final, appealable order exists conferring appellate jurisdiction upon this court. While the judge determined that Ms. Young and her children were UIM insureds under Nationwide's automobile liability insurance policy, and that Ms. Lapeus and her children were entitled to UIM coverage Motorists automobile liability insurance policy, the respective final rights and obligations of these parties have not been determined because damages awarded thereunder have not yet been reduced to judgment, and those issues remain pending. Because there is no order defining the rights and obligations between Motorists and the Lapeus family, or between Nationwide and Ms. Young and her children, and the "no just reason for delay," language is absent in all orders issued, we have no final, appealable order to review.
 {¶ 13} The appellant may move for reinstatement of this appeal within 30 days of this entry. If reinstated, oral argument will not be necessary. This appeal will be decided on the merit of the briefs.
Appeal dismissed and case remanded.
PATRICIA A. BLACKMON, P.J., And TIMOTHY E. MCMONAGLE, J., Concur
[1] See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02.
[2] R.C. 2505.02.
[3] (1989), 44 Ohio St.3d 17
[4] See Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184,186.
[5] See General Acc. Ins. Co. v. Insurance Co. of North America, supra.
[6] Curlott v. Campbell (C.A. 9, 1979), 598 F.2d 1175, 1180, citingLiberty Mutual Insurance Co. v. Wetzel (1976), 424 U.S. 737.
[7] (1997), 79 Ohio St.3d 543, 546, 1997-Ohio-366.
[8] Noble v. Colwell (1989), 44 Ohio St.3d 92, 96.
[9] Pokorny v. Tilby Development Co. (1977), 52 Ohio St.2d 183.
[10] Alexander v. Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158.
[11] Douthitt v. Garrison (1981), 3 Ohio App.3d 254, 255.
[12] See Commercial Natl. Bank v. Deppen (1981), 65 Ohio St.2d 65.
[13] Wise v. Gursky (1981), 66 Ohio St.2d 241.
[14] Noble, supra, Jarrett v. Dayton Osteopathic Hospital, Inc.
(1985), 20 Ohio St.3d 77, 78, 486 N.E.2d 99.