RONEY, Circuit Judge:
 

 In this bankruptcy proceeding, the district court denied a debtor a discharge of his debts because he pled guilty in a criminal prosecution under 18 U.S.C.A. § 152 to fraudulent acts in relation to the bankruptcy. These acts are grounds for denial of a bankruptcy discharge under 11 U.S.C.A. § 727(a). The debtor appeals. We affirm.
 

 The debtor filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code. He then plead guilty under 18 U.S.C.A. § 152 to the criminal charge of “knowingly and fraudulently mak[ing] false declaration^] ... under penalty of perjury ... in relation to [a] case under [the bankruptcy laws]” and to “knowingly and fraudulently . .. makpng] a false entry in [a] document affecting or relating to the property or affairs of a debtor” while contemplating the filing of a bankruptcy petition. The conduct constituting these crimes justifies a denial of discharge under the Bankruptcy Act. 11 U.S.C.A. § 727(a)(4)(A) provides that a discharge shall be granted, unless, among several alternative grounds, “the debtor knowingly and fraudulently, in or in connection with the [bankruptcy proceeding] made a false oath or account.” The discharge provisions of 11 U.S.C.A. § 727 are “salutary remedial provisions] intended to permit insolvent debtors to be relieved of their burden of obligations
 
 if
 
 they conform to the other requirements of the law.”
 
 Rice v. Matthews,
 
 342 F.2d 301, 303 (5th Cir. 1965);
 
 Hayslip v. Long,
 
 227 F.2d 550, 553 (5th Cir.1955) (emphasis added). Discharge is “refused to the dishonest bankrupt as punishment for his fraud and to prevent its continuance in the future.”
 
 Pugh v. ADCO, Inc.,
 
 329 F.2d 362, 365 (5th Cir.1964).
 

 The conduct involved in section 727 is identical to that proscribed under 18 U.S. C.A. § 152.
 
 See
 
 S.Rep. No. 989,95th Cong., 2d Sess.- 98,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5884 (under subsection (a)(4), a discharge is denied for commission of a bankruptcy crime). Both provisions come into play only if a debtor issues a false statement in relation to his bankruptcy petition. As each provision is implicated only if the improper conduct is undertaken knowingly and fraudulently, the intent requirements are also identical. Here, the debtor’s guilty plea and conviction under section 152 stemmed from his failure to disclose certain bank accounts and businesses in a financial statement submitted pursuant to his bankruptcy petition. Similar deliberate omissions have resulted in denials of discharges.
 
 See, e.g., In re Mascolo,
 
 505 F.2d 274 (1st Cir.1974) (concealment of bank account).
 
 See generally
 
 1A J. Moore & L. King,
 
 Collier on Bankruptcy
 
 ¶ 14.27 at 1341 (14th ed. 1978) (debtor’s false statement in his schedule of property that he has disclosed all his assets is a common example of a false oath preventing a discharge).
 

 The principal issue on this appeal is whether the discharge can properly be denied by summary judgment solely on the ground that the guilty plea is conclusive, or whether the guilty plea furnishes only a rebuttable presumption so that an eviden-tiary hearing is required. Does the guilty plea and conviction under section 152 bar the debtor from relitigating the factual issues in common between section 152 and section 727? If the debtor is precluded, the district court acted properly in granting the trustee summary judgment since all the elements of section 727(a)(4)(A) are established by the violation of section 152.
 

 The bankruptcy court held that “where a debtor in a bankruptcy case pleads guilty to a bankruptcy crime arising out of his case, that plea is properly conclusive as to his discharge in that case.” It
 
 *523
 
 apparently treated the guilty plea as a judicial admission. Normally judicial admissions are binding for the purpose of the case in which the admissions are made, not in separate and subsequent cases. 4 J. Wig-more,
 
 Evidence
 
 § 1066 at 86 (Chadbourn rev. 1972).
 
 State Farm Mutual Automobile Insurance Co. v. Worthington,
 
 405 F.2d 683, 687 (8th Cir.1968), noted that in the latter cases “[t]he plea is admissible as an admission against interest but it is not conclusive and defendant may offer his explanation of the plea and his version of the occurrence that occasioned the criminal charge.” The bankruptcy court, however, reasoned that the debtor’s “guilty plea here was to a bankruptcy crime which arose out of the same case in which he now seeks his discharge.”
 

 An alternative and perhaps sounder ground for the decision is found in the doctrine of collateral estoppel, or more accurately, the offensive use of collateral es-toppel.
 

 Under the doctrine of collateral es-toppel a party is precluded from litigating an issue if (1) the identical issue has been (2) actually litigated in a prior suit which (3) could not have been decided without resolving the issue.
 
 Williams v. Bennett,
 
 689 F.2d 1370, 1381 (11th Cir.1982);
 
 Stovall v. Price Waterhouse Co.,
 
 652 F.2d 537, 540 (5th Cir.1981);
 
 Johnson v. United States,
 
 576 F.2d 606, 615 (5th Cir.1978). The use of a criminal conviction as conclusive of an issue in subsequent civil litigation, though not universally accepted, is well established today.
 
 E.g., United States v. Podell,
 
 572 F.2d 31, 35 (9th Cir.1978);
 
 Tomlinson v. Lefkowitz,
 
 334 F.2d 262, 263 (5th Cir.1964),
 
 cert, denied,
 
 379 U.S. 962, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965).
 
 See Breeland v. Security Insurance Co.,
 
 421 F.2d 918, 922 (5th Cir.1969) (number of jurisdictions maintaining that a criminal conviction precludes re-litigation of same issue in civil suit is ever increasing). Because the complainant’s standard of proof is higher, and greater procedural protections attach in a criminal prosecution, a conviction is a sufficiently reliable determination of the relevant issue.
 
 See
 
 IB J. Moore & T. Currier,
 
 Moore’s Federal Practice,
 
 ¶ 0.418[1] at 2703 (2d ed. 1982). This analysis apparently has been applied in the bankruptcy context.
 
 See
 
 J. Moore & L. King,
 
 supra,
 
 ¶ 13.24 at 1333 (a debtor’s “conviction for [a bankruptcy] offense is conclusive proof requiring a denial of a discharge”).
 

 While some disagreement exists, most courts give a judgment based on a guilty plea the same collateral effect as any other criminal conviction, conclusive of all issues that would have been resolved by a conviction following a contested trial. IB J. Moore & T. Currier,
 
 supra,
 
 ¶ 0.418[1] at 2706;
 
 see, e.g., Ivers v. United States,
 
 581 F.2d 1362, 1366-67 (9th Cir.1978);
 
 United States v. Podell,
 
 572 F.2d at 35;
 
 Plunkett v. Commissioner,
 
 465 F.2d 299, 305-06 (7th Cir.1972);
 
 Arctic Ice Cream Co. v. Commissioner,
 
 43 T.C. 68, 76 (1964).
 
 Cf. McCarthy v. United States,
 
 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1968) (guilty plea is an admission of all elements of the crime charged). There are good reasons for this approach. Although a guilty plea eliminates the need for a contested trial, a federal court cannot enter judgment upon the plea unless it determines that a factual basis exists for it. Fed.R.Crim.P. 11(f). A federal criminal defendant wishing to avoid both a trial and any collateral estoppel effects may ask for court permission to plead
 
 nolo contendere. Id.
 
 11(b) & advisory committee note; Fed.R.Evid. 803(22). A defendant who fails to exercise this option cannot argue subsequently that the lack of a contested trial renders his plea ineffective for collateral estoppel purposes.
 

 There is no unfairness in applying collateral estoppel in this case. While the complainant in the two actions is not the same, the bankruptcy trustee having replaced the United States, mutuality of parties is no longer considered a prerequisite in federal court to the fair use of collateral estoppel.
 
 Parklane Hosiery Co. v. Shore,
 
 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (offensive collateral estoppel);
 
 Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,
 
 402 U.S. 313, 91 S.Ct.
 
 *524
 
 1434, 28 L.Ed.2d 788 (1971) (defensive collateral estoppel). Indeed, collateral estop-pel has been invoked in a situation analogous to that found in this litigation: a civil suit brought by a nongovernmental entity against a party previously convicted of a related crime.
 
 Wolfson v. Baker,
 
 623 F.2d 1074, 1080 (5th Cir.1980),
 
 cert. denied,
 
 450 U.S. 966, 101 S.Ct. 1483, 67 L.Ed.2d 615 (1981).
 

 Although the use of collateral estoppel when mutuality is lacking is not
 
 per se
 
 unfair, the Supreme Court has cautioned that it may be unfair if the party against whom it is used did not have the incentive to litigate the issue fully in the first proceeding.
 
 Parklane Hosiery Co. v. Shore,
 
 439 U.S. at 330, 99 S.Ct. at 651. The debtor here claims that he pled guilty only because the prosecutor agreed to recommend a lighter sentence than he might have received had the case gone to trial. The debtor received four concurrent four-year sentences, which were suspended on the condition that the debtor spend six months in a community treatment center. While the relatively light sentence may have removed some of the sting of his prosecution, the debtor still had á great deal to lose by pleading guilty. The debtor will always carry a felony record with him. This is not a simple misdemeanor in which the impact is often minimal.
 
 Cf.
 
 Fed.R.Evid. 803(22), advisory committee note (unlike with felonies, the motivation to defend misdemeanor charges is often minimal or nonexistent). The debtor could anticipate that the conviction would be used, if not conclusively, at least as strong evidence in a denial of discharge proceeding.
 
 Cf. Parklane Hosiery Co. v. Shore,
 
 439 U.S. at 322, 99 S.Ct. at 645 (recognizing that the fear of related private litigation is often an impetus to defend vigorously a suit brought by the government).
 
 Cf.
 
 Fed.R.Evid. 803(22) (hearsay rule does not render felony conviction based on a guilty plea inadmissible in a subsequent civil action). In short, the debtor had every reason to try to establish his innocence in the criminal proceeding. The use of collateral estoppel is not unfair.
 

 AFFIRMED.