In the Matter of Homer H.
STEWART, Debtor.

William M. FLATAU, Trustee, Plaintiff,

v.

Homer H. STEWART, Defendant.

Bankruptcy No. 90–53644.
Adv. No. 95–5006.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Sept. 8, 1995.

William M. Flatau, Chapter 7 Trustee, Macon, GA.

Homer H. Stewart, Augusta, GA, pro se.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

William M. Flatau, Chapter 7 Trustee, Plaintiff, filed an adversary proceeding on January 26, 1995. On June 22, 1995, Plaintiff filed a "Motion for Summary Judgment as to Count Two of Plaintiff's Complaint." Homer H. Stewart, Debtor, Defendant, filed a response to Plaintiff's motion on August 7, 1995. The Court, having considered the record and the arguments presented, now publishes this memorandum opinion on Plaintiff's motion for summary judgment.

Rule 56(c) of the Federal Rules of Civil Procedure,[1] applies in this adversary proceeding. Fed.R.Bankr.P. 7056. Rule 56(c) provides, in relevant part:

[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue

of liability alone although there is a genuine issue as to the amount of damages.

Fed.R.Civ.P. 56(c).

Rule 56(e) of the Federal Rules of Civil Procedure[2] provides, in relevant part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

In *Rollins v. TechSouth, Inc.,*[3] the United States Court of Appeals for the Eleventh Circuit stated:

Summary judgment is appropriate in those cases in which there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). In determining whether a factual issue exists, a court must consider all the evidence in the light most favorable to the non-moving party. *Mauter v. Hardy Corp.,* 825 F.2d 1554, 1556 (11th Cir.1987) (citation omitted). As the Supreme Court recently noted, this does not lessen the burden of the non-moving party in any way. The non-moving party still bears the burden of coming forward with sufficient evidence of every element that he or she must prove. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In addition, a court ruling on a summary judgment motion must evaluate the evidence in light of the proper standard of proof. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

833 F.2d at 1527–28.

Plaintiff, in support of his motion for summary judgment, provides the Court with certified copies of several documents filed with the United States District Court for the Middle District of Georgia in the criminal case of

---

1. Fed.R.Civ.P. 56(c).

2. Fed.R.Civ.P. 56(e).

3. 833 F.2d 1525 (11th Cir.1987).

*United States of America v. Stewart*, CR. No. 94–82 MAC (DF) (M.D.Ga.1994). Plaintiff also submits affidavits in support of his motion for summary judgment. Defendant submits his own affidavit in opposition to Plaintiff's motion.

Defendant filed on December 4, 1990, a petition under Chapter 7 of the Bankruptcy Code with this Court. In 1991, Defendant received a discharge in bankruptcy, and his bankruptcy case was closed. The Court entered an order on October 19, 1994, which reopened Defendant's bankruptcy case.

Plaintiff filed this adversary proceeding on January 26, 1995. Plaintiff contends that Defendant failed to reveal and fraudulently concealed certain property of Defendant's bankruptcy estate. The property consists of Defendant's alleged interest in a bank savings account, two diamond rings, and the cash value of a life insurance policy. Plaintiff seeks, in Count One of his complaint, to revoke Defendant's Chapter 7 discharge.[4] Plaintiff seeks, in Count Two, to recover the property allegedly concealed by Defendant.

### The Bank Account

In 1994, the United States of America, acting through the United States Attorney, filed criminal charges against Defendant. A federal grand jury returned a True Bill against Defendant, which provides:

THE GRAND JURY CHARGES THAT:

### COUNT ONE

On or about December 4, 1990, in the Macon Division of the Middle District of Georgia,

### HOMER H. STEWART

the defendant, did, knowingly and fraudulently conceal from the trustee charged with the control and custody of property and from the bankruptcy court and creditors in a bankruptcy case under Title 11, property belonging to the estate of the debtor, HOMER H. STEWART, that is, funds on deposit in an account at the Bank of Columbia County in the approximate amount of $168,280.05,

All in violation of Title 18, United States Code, Section 152.

### COUNT TWO

On or about December 4, 1990, in the Macon Division of the Middle District of Georgia,

### HOMER H. STEWART

the defendant, did knowingly and fraudulently make a false oath in and in relation to a case under Title 11, in that in his Statement of Financial Affairs For Debtor Not Engaged in Business in Case Number 90–53644, defendant stated in response to numbered question number 4 that he had not maintained any bank accounts within the two years preceding the filing of his petition, and defendant stated "None" in response to numbered question number 7 "Is any other person holding anything of value in which you have an interest?", when in truth and fact defendant well knew that at the time of his petition he had funds on deposit in a joint account at the Bank of Columbia County in the approximate amount of $168,280.05,

All in violation of Title 18, United States Code, Section 152.

### A TRUE BILL.

Defendant entered a plea of not guilty on December 28, 1994. A trial by jury was held in February of 1995. The jury found Defendant guilty as to Count One of the indictment. Defendant was found not guilty as to Count Two. The district judge entered on June 5, 1995, a judgment adjudicating Defendant guilty of bankruptcy fraud as to Count One and not guilty as to Count Two. Defendant was sentenced to a term in prison of thirty-seven months. Defendant is currently serving his sentence in a federal prison. Defendant has appealed his conviction to the Eleventh Circuit Court of Appeals.

■ Plaintiff, in his motion for summary judgment, contends that Defendant is collat-

---

4. Plaintiff does not seek summary judgment as to Count One of his complaint.

erally estopped from denying that he fraudulently concealed property of the bankruptcy estate in a hidden bank account in the amount of $168,280.05. Defendant denies that the requirements for collateral estoppel have been met.

In *St. Laurent v. Amborse (In re St. Laurent),*[5] the Eleventh Circuit Court of Appeals stated:

> Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in an earlier case.

991 F.2d at 675.

In *Dixie National Life Insurance Co. v. McWhorter (In re McWhorter),*[6] the Eleventh Circuit stated:

> To invoke collateral estoppel, a party must demonstrate four elements:
>
> (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.
>
> [ ] Whether collateral estoppel is available is a mixed question of law and fact in which the legal issues predominate....
>
> . . . .
>
> The party seeking to invoke collateral estoppel bears the burden of proving that the necessary elements have been satisfied.

887 F.2d at 1566.

In *Raiford v. Abney (In re Raiford),*[7] the Eleventh Circuit Court of Appeals stated:

In this bankruptcy proceeding, the district court denied a debtor a discharge of his debts because he pled guilty in a criminal prosecution under 18 U.S.C.A. § 152 to fraudulent acts in relation to the bankruptcy. These acts are grounds for denial of a bankruptcy discharge under 11 U.S.C.A. § 727(a). The debtor appeals. We affirm.

. . . .

The principal issue on this appeal is whether the discharge can properly be denied by summary judgment solely on the ground that the guilty plea is conclusive, or whether the guilty plea furnishes only a rebuttable presumption so that an evidentiary hearing is required. Does the guilty plea and conviction under section 152 bar the debtor from relitigating the factual issues in common between section 152 and section 727? If the debtor is precluded, the district court acted properly in granting the trustee summary judgment since all the elements of section 727(a)(4)(A) are established by the violation of section 152.

. . . .

... The use of a criminal conviction as conclusive of an issue in subsequent civil litigation, though not universally accepted, is well established today. Because the complainant's standard of proof is higher, and greater procedural protections attach in a criminal prosecution, a conviction is a sufficiently reliable determination of the relevant issue. This analysis apparently has been applied in the bankruptcy context. *See* J. Moore & L. King, *supra,* ¶ 13.24 at 1333 (a debtor's "conviction for [a bankruptcy] offense is conclusive proof requiring a denial of a discharge").

695 F.2d at 522–23.

In the case at bar, Plaintiff was not a party to the criminal case against Defendant. Plaintiff now seeks "offensive use" of collateral estoppel[8] to prevent Defendant from

---

5.  991 F.2d 672 (11th Cir.1993).

6.  887 F.2d 1564 (11th Cir.1989).

7.  695 F.2d 521 (11th Cir.1983).

8.  "In this context, offensive use of collateral estoppel occurs when the plaintiff seeks to fore-

close the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party. Defensive use occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." *Parklane Hosiery Co. v. Shore,* 439

relitigating issues resolved in the criminal case.

■ Offensive use of collateral estoppel may be unfair to a defendant. Trial courts have broad discretion in determining when offensive use should be applied. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552, 562 (1979).

In the case at bar, none of the circumstances that might justify reluctance to allow the offensive use of collateral estoppel is present. Plaintiff could not have joined in the criminal case against Defendant. Defendant had every incentive to litigate the criminal charges fully and vigorously. There will be no procedural opportunities available to Defendant in the bankruptcy litigation that were unavailable in the criminal case that might be likely to cause a different result. The Court is persuaded that none of the considerations that would justify refusal to allow the use of offensive collateral estoppel is present in this adversary proceeding. *See Parklane Hosiery,* 439 U.S. at 332, 99 S.Ct. at 651, 58 L.Ed.2d at 562–63.

■ Defendant, in his brief, argues that the district judge did not understand the law and failed to properly charge the jury. Defendant argues that the jury did not make any findings of fact but simply rendered a general jury verdict. Defendant argues that the jury verdict is "Reversal Per Se." Defendant has appealed his conviction to the Eleventh Circuit Court of Appeals.

"[A] judgment, not set aside on appeal or otherwise, is equally effective as an estoppel upon the points decided, whether the decision be right or wrong." *Reed v. Allen,* 286 U.S. 191, 201, 52 S.Ct. 532, 534, 76 L.Ed. 1054, 1058 (1932).

"The effect of the judgment is not at all dependent upon the correctness of the verdict or findings upon which it was rendered. It not being set aside by subsequent proceedings, by appeal or otherwise, it was equally effective as an estoppel upon the point decided, whether the decision was right or wrong."

U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 4, 58 L.Ed.2d 522, 559 (1979).

*Milne v. Deen,* 121 U.S. 525, 534, 7 S.Ct. 1004, 1007, 30 L.Ed. 980, 982 (1887).

"A case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal." *Fidelity Standard Life Insurance Co. v. First National Bank & Trust Co. of Vidalia, Georgia,* 510 F.2d 272, 273 (5th Cir.), *cert. denied,* 423 U.S. 864, 96 S.Ct. 125, 46 L.Ed.2d 94 (1975).

"The federal rule is that the pendency of an appeal does not suspend the operation of an otherwise final judgment as res judicata or collateral estoppel. . . ." *Hunt v. Liberty Lobby, Inc.,* 707 F.2d 1493, 1498 (D.C.Cir. 1983) (quoting 1B *Moore's Federal Practice* ¶ 0.416[3] at 2252–54 (2d ed. 1982)).

In *Laaman v. United States,*[9] the Second Circuit Court of Appeals stated:

> Collateral estoppel does not turn upon a determination that a prior ruling was *correctly* rendered, or that all possibly relevant arguments were made and authorities cited in the initial proceeding, but rather upon a recognition that an issue tendered for resolution in a later litigation has been finally determined in a prior adjudication after a full and fair opportunity for litigation in which the issue was actually litigated and necessary to the prior decision.

973 F.2d at 112 (emphasis original).

■ The Court now turns to consider whether Plaintiff has carried his burden of proving that the necessary elements to invoke collateral estoppel have been satisfied. The issue in Count One of Defendant's criminal case was whether Defendant knowingly and fraudulently concealed from the trustee, this Court, and creditors a bank account which belonged to Defendant's bankruptcy estate. The issue in Count Two of Plaintiff's adversary proceeding includes whether the bank account is property of Defendant's bankruptcy estate. The Court is persuaded that it was necessary for the jury to determine that the bank account at issue was property of Defendant's bankruptcy estate in order to find Defendant guilty of Count One of the indictment.

9. 973 F.2d 107 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993).

The Court is persuaded that Defendant's ownership of the bank account was a critical and necessary part of the jury's determination. The ownership and concealment, in fact, were the central focus of the criminal case. Defendant had the opportunity to call and cross-examine witnesses. Defendant hotly defended the criminal case.

The Court is persuaded that Plaintiff has carried his burden of proving that the necessary elements of collateral estoppel apply as to Defendant's ownership of the bank account. Defendant has a duty to surrender all property of the bankruptcy estate to Plaintiff. 11 U.S.C.A. § 521(4) (West 1993). The Court is persuaded that Plaintiff is entitled to summary judgment as to the bank account at issue.

### The Life Insurance Policy

■ Plaintiff contends that Defendant held an ownership interest in a life insurance policy when Defendant filed his Chapter 7 bankruptcy case. Plaintiff contends the policy had a cash value. Defendant did not disclose this policy in his bankruptcy schedules.

Plaintiff offers the affidavit of Carolyn Elrod, customer representative and custodian of records for American General Life and Accident Insurance Company. In her affidavit, Ms. Elrod states that Defendant was the record owner of a life insurance policy on the date Defendant filed his Chapter 7 bankruptcy case.[10] The insurance policy, on that date, had a cash surrender value of $7,553.20. Defendant executed and submitted a cash surrender release in the presence of Ms. Elrod on or about July 27, 1994. Defendant received a surrender check payable to him in the amount of $9,577.20. The check is dated July 27, 1994.

Defendant, in his affidavit, states that he did not own or have any legal or equitable interest in the life insurance policy at issue on the date his Chapter 7 bankruptcy case was filed. Defendant states that he transferred his interest in the life insurance policy more than one year prior to his bankruptcy

filing. Defendant does not disclose to whom he transferred the policy. Defendant offers no documents evidencing the transfer. Defendant does not dispute that he was the record owner on the relevant date or that he received the cash surrender value on July 27, 1994.

"Defendants cannot withstand a motion for summary judgment by simply asserting that the facts are disputed. Sufficient evidence supporting a claimed fact must be submitted to create a genuine factual issue." *Palila v. Hawaii Dept. of Land and Natural Resources,* 639 F.2d 495, 497 (9th Cir.1981).

"[The nonmoving party] 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment'." *Tidmore Oil Co. v. BP Oil Co./Gulf Products Division, a Division of BP Oil Co.,* 932 F.2d 1384, 1387 (11th Cir.), *cert. denied,* 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991).

The Court is persuaded that Plaintiff has carried his burden and is entitled to summary judgment. The Court is persuaded that Defendant must surrender the cash value of the life insurance policy to Plaintiff.

### The Diamond Rings

■ Plaintiff contends that Defendant held an interest in two diamond rings on the date Defendant filed his Chapter 7 bankruptcy case. In his bankruptcy schedules, Defendant listed that he owned clothing and personal items with a value of $600. Defendant argues, therefore, that he listed and claimed, as exempt property, all jewelry that he owned when his bankruptcy case was filed.

Plaintiff offers the affidavit of Bessie Stewart, the former wife of Defendant. Ms. Stewart purchased two diamond rings for $2,572.94. The rings were purchased in 1983 and 1984. Ms. Stewart states that Defendant was in possession of and owned the rings when Defendant's bankruptcy case was filed.

---

**10.** The insurance policy was issued by *Gulf Life* Insurance. American General Corporation, the parent corporation of American General Life and Accident Insurance Company, acquired Gulf Life several years ago.

Defendant, in his affidavit, states that he did not own or have any equitable interest in the rings. Defendant states that he transferred his interest in the rings more than one year prior to his bankruptcy filing. The Court is persuaded that there is a material issue of fact as to whether Defendant owned the rings when his bankruptcy case was filed. Plaintiff is not entitled to summary judgment as to the diamond rings at issue.

An order in accordance with this memorandum opinion will be entered this date.

### ORDER

In accordance with the memorandum opinion entered this date; it is

ORDERED that the "Motion for Summary Judgment as to Count Two of Plaintiff's Complaint" ("the motion") filed on the 22nd day of June, 1995, by William M. Flatau, Chapter 7 Trustee, Plaintiff, hereby is granted to the extent it seeks to recover the sum of $168,280.05 from Homer H. Stewart, Defendant; and it is further

ORDERED that the motion hereby is granted to the extent it seeks to recover the sum of $7,553.20 from Defendant; and it is further

ORDERED that the motion hereby is denied to the extent it seeks to recover two diamond rings from Defendant; and it is further

ORDERED that Plaintiff have judgment against Defendant in the amount of $175,-833.25, with interest from the 4th day of December, 1990,[1] at the legal rate, with the interest to run until satisfaction of this Court's judgment.

SO ORDERED.

1. Homer H. Stewart, Defendant, filed for Chapter 7 bankruptcy relief on December 4, 1990.