**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SHANE LOVE,

*Plaintiff-Appellant*,

v.

AARON VILLACANA, Pasadena PD
Officer, individually and in official
capacity; THOMAS BUTLER,
Pasadena PD Officer, individually and
in official capacity; ROBERT
GRIFFITH, Pasadena PD Officer,
individually and in official capacity;
MICHAEL OROSCO, Pasadena PD
Officer, individually and in official
capacity; PHILLIP POIRIER,
Pasadena PD Officer, individually and
in official capacity; RAFAEL
SANTIAGO, Pasadena PD Officer,
individually and in official capacity;
CITY OF PASADENA; PHILLIP
SANCHEZ, Former PPD Chief,
individually and in official capacity;
PEREZ, PPD Chief, individually and
in official capacity; DOES, 1-10
inclusive,

*Defendants-Appellees*.

No. 20-56003

D.C. No.
2:20-cv-06557-
PA-SP

OPINION

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted June 6, 2023
Pasadena, California

Filed July 11, 2023

Before:  J. Clifford Wallace and John B. Owens, Circuit
Judges, and Sidney A. Fitzwater,[*] District Judge.

Opinion by Judge Wallace;
Concurrence by Judge Owens

_____

**SUMMARY**[**]

**Article III Standing / 42 U.S.C. § 1983**

The panel vacated the district court's dismissal of a 42
U.S.C. § 1983 action brought against the City of Pasadena
and several of its police officers.

In 2018, Shane Love filed a federal *Terry* action against
the Defendants, seeking to recover for the death of Reginald
Thomas, a father figure to Love.  The *Terry* action, which

_____

[*] The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

included a section 1983 claim, was dismissed with prejudice for lack of Article III standing in 2019. Love then filed a nearly identical lawsuit in California state court, which the Defendants removed to federal court and successfully moved to dismiss based on issue preclusion.

The panel held that a plain reading of the first district court's judgment established that Article III standing was actually litigated and decided, although erroneously. However, erroneous, unappealed judgments are still owed preclusive effect. The panel concluded that issue preclusion was available, and Love was bound by the prior standing determination. While issue preclusion was available, the panel held that the Defendants waived issue preclusion by removing the refiled case to federal court because a removing defendant voluntarily invokes and acquiesces to the federal courts and bears the burden of establishing subject-matter jurisdiction and Article III standing.

Accordingly, the panel vacated and remanded to the second and current district court to determine, in the first instance, whether jurisdiction lies in the federal courts and whether Love adequately stated a claim, if the Defendants pursue such an argument on remand.

Concurring in the judgment, Judge Owens disagreed with the majority that issue preclusion applies notwithstanding waiver, and he would not reach the issue of waiver. Because the district court erred in framing the issue in this case as one of Article III standing and by subsequently applying issue preclusion, he agreed that the panel should vacate and remand so that the district court could properly assess the merits of Love's claims.

**COUNSEL**

Patrick J. Fuster (argued), Kahn A. Scolnick, and Isaac M. Rottman, Gibson Dunn & Crutcher LLP, Los Angeles, California, for Plaintiff-Appellant.

Scott J. Carpenter (argued), Jill Williams, and Steven J. Rothans, Carpenter Rothans & Dumont LLP, Los Angeles, California; Javan N. Rad, Chief Assistant City Attorney; Michele Beal Bagneris, Pasadena City Attorney; Office of the Pasadena City Attorney; Pasadena, California; for Defendants-Appellees.

**OPINION**

WALLACE, Circuit Judge:

Shane Love appeals from the district court's dismissal of his 42 U.S.C. § 1983 action against the City of Pasadena and several of its police officers. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We vacate and remand.

I.

This case is about two parties and a district judge who appear to have confused Article III standing with the case merits and what results when a latter court gives preclusive effect to the earlier erroneous standing determination.

In 2018, Shane Love filed a federal action (the *Terry* action) against the Defendants, seeking to recover for the death of Reginald Thomas, a father figure to Love. Thomas died in an incident with Pasadena police. Love brought one

section 1983 claim in the *Terry* action, alleging a violation of his substantive due process rights as protected by the Fourteenth Amendment.  That action was dismissed with prejudice for lack of Article III standing in 2019.  In doing so, the first district judge recited the Article III-standing factors and held that Love "fail[ed] to establish standing" as he did "not allege a custodial, biological, or legal relationship" between himself and the decedent.

After this dismissal, Love filed a near-identical lawsuit in California state court.  The Defendants subsequently removed this case to federal court and then moved to dismiss on the basis of issue preclusion.  The second district court dismissed Love's action, holding that Love was "barred by res judicata from relitigating his standing in this action." Love appeals from this issue-preclusion dismissal.

## II.

We review "de novo a district court's dismissal based on res judicata."  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).  We review whether issue preclusion is available de novo and the district court's decision to apply issue preclusion for abuse of discretion.  *See S.E.C. v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018).

## III.

The first district court decided Love's Article III standing, and, absent other considerations, jurisdictional issue preclusion is therefore available.  Issue preclusion applies when "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Janjua v. Neufeld*, 933 F.3d

1061, 1065 (9th Cir. 2019), *quoting Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012).  When deciding the preclusive effect of an earlier decision, courts review the judgment's "natural reading."  *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1167 (9th Cir. 2016).  A final judgment is afforded preclusive effect even if erroneous. *See, e.g.*, *Curlott v. Campbell*, 598 F.2d 1175, 1178 (9th Cir. 1979) ("If the [judgment] was appealable but unappealed, the issues contained therein are res judicata, whether the decision was right or wrong."); *see also B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 157 (2015) ("Issue preclusion prevent[s] relitigation of wrong decisions just as much as right ones." (internal citations and quotations omitted)).

A plain reading of the first district court's judgment establishes that Article III standing was actually litigated and decided, although erroneously.  At issue was whether Love's complaint "allege[d] a custodial, biological, or legal relationship" to the decedent in order to recover under his Fourteenth Amendment claim.  The first district court analyzed this question as one of "Article III standing." Ultimately, the court held solely that Love lacked Article III standing and refused explicitly to consider whether the complaint failed to state a claim on the merits.

That the first district court decided Article III standing is confirmed by review of the parties' briefing before that court.  *See Ruiz*, 824 F.3d at 1167 ("[T]he entire record before the issuing court . . . may be referenced in determining what was decided."), *quoting Muckleshoot Tribe v. Lummi Indian Tribe*, 141 F.3d 1355, 1359 (9th Cir. 1998).  The parties litigated whether Love had "Article III standing" to bring a Fourteenth Amendment claim, and the Defendants argued in the alternative that the claim should be

dismissed for failure to state a claim.  As discussed above, the first district court analyzed the Article III-standing factors, held that Love lacked standing, and refused to reach the question whether Love stated a claim.

This Article III standing decision was almost certainly wrong.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case.").  The parties now appear to agree.

However, that the first district court's judgment is an erroneous standing decision is of no moment when applying issue preclusion.  Erroneous, unappealed judgments are still owed preclusive effect.  *See Curlott*, 598 F.2d at 1178. Moreover, the fact that the judgment is erroneous neither renders it ambiguous nor transforms it into a merits decision. Issue preclusion is not available where the earlier judgment is "unclear" or if there is "any doubt" regarding what issue was previously decided.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065 (9th Cir. 2010) (internal citations and quotations omitted).  However, the first district court's dismissal was not ambiguous—the district court held explicitly that it was dismissing for lack of Article III standing.  Any uncertainty concerning what was decided arises only because the decision was erroneous, but error alone does not equate to ambiguity.  Rather, a decision that confuses Article III standing with the merits of the plaintiff's claim is merely an erroneous standing decision, not an ambiguous merits decision.  *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1109 (9th Cir. 2014).  Holding otherwise would defeat the principle that courts give preclusive effect to final,

unappealed, erroneous judgments.  *See Curlott*, 598 F.2d at 1178.

Thus, Article III standing was actually litigated and decided in the first district court.  Moreover, the issues involved in the prior action and in the instant case are identical, and the parties had a fair opportunity to litigate before the first district court.  Therefore, absent other considerations, issue preclusion is available, and Love is bound by the prior standing determination.

## IV.

While issue preclusion is available under the usual test, the Defendants waived issue preclusion by removing the refiled case to federal court.  A party's conduct and "acquiesc[ence]" may waive an argument that party would otherwise be entitled to raise.  *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328–29 (9th Cir. 1995) (holding that issue preclusion can be waived).  Upon removal, a defendant assumes voluntarily "the burden of establishing federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006).  Therefore, a removing defendant must allege facts in the notice of removal supporting the existence of subject-matter jurisdiction and Article III standing.  *See* 28 U.S.C. § 1446(a); *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950–51 (2019).

Such an invocation of and acquiescence to the federal courts by a removing defendant is sufficient to waive jurisdictional issue preclusion.  It would turn the removal statutes on their head if a defendant could remove a case, attest that jurisdiction exists, and then contend that issue

preclusion bars Article III standing.[1]  *See Embury v. King*, 361 F.3d 562, 564 (9th Cir. 2004) (holding, in the sovereign immunity context, that it is "inconsistent for the [defendant] to invoke federal jurisdiction by removal, thereby contending that the judicial power of the United States extended to the case, yet claim that jurisdiction did *not* extend to the case"), *citing Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 619 (2002).  Removal constitutes a defendant's voluntary entreat to federal court, and the removing defendant cannot then expect to disabuse him or herself so easily of the burden of establishing jurisdiction by invoking jurisdictional issue preclusion.  *See Lapides*, 535 U.S. at 624 ("[R]emoval is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the [defendant's] otherwise valid objection to litigation of a matter . . . in a federal forum."); *see also Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553–54 (9th Cir. 2003) (holding that the party bearing the burden of establishing jurisdiction may not invoke issue preclusion to "force[] [courts] to pretend to exercise" jurisdiction where it may not otherwise exist).

Failure to recognize waiver here would amount to a "substantial injustice."  *See Clements*, 69 F.3d at 329–30 (ruling that waiver applies when "the failure to hold the defendants to their waiver would subject the plaintiffs to gross prejudice").  When a federal action is dismissed for

---

[1] The likelihood of such a scenario is mitigated by the fact that a defendant could be subject to Rule 11 sanctions for misrepresenting jurisdictional facts. *See* 28 U.S.C. § 1446(a).  Moreover, if a defendant removes a case and subsequently argues that federal subject-matter jurisdiction does not lie, a plaintiff could file a motion to remand. *See* 28 U.S.C. § 1447(c).

lack of Article III standing, a plaintiff can either appeal or refile in a state court of general jurisdiction. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("We have recognized often that the constraints of Article III do not apply to state courts."). If a plaintiff, as here,[2] forgoes an appeal and refiles in state court, the earlier dismissal is final and entitled to preclusive effect. *See Tripati v. Henman*, 857 F.2d 1366, 1367 & n.1 (9th Cir. 1988). Permitting a defendant to remove a refiled case and invoke issue preclusion as to Article III standing would render a plaintiff's choice between pursuing an appeal of the earlier standing dismissal versus refiling in state court illusory. Moreover, absent waiver, no court—state or federal—would provide a forum for redress for the plaintiff's claim. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018) ("A 'perpetual loop' of removal to federal court and dismissal for lack of standing should not occur."); *cf. Bodi v. Shingle Springs Band of Miwok Indians*, 832 F.3d 1011, 1023 (9th Cir. 2016) (holding that *Lapides* and its waiver-removal rule did not apply, in part as the plaintiff still had access to a judicial forum to decide her claim absent waiver).

The rule established here is narrow: if a federal action is dismissed for lack of Article III standing and a plaintiff forgoes an appeal of that dismissal and refiles in state court, a defendant waives any jurisdictional issue preclusion argument upon voluntary removal of the lawsuit back to federal court. This rule is consistent with a defendant's

---

[2] Love appealed the first district court's dismissal, but that appeal was dismissed for failure to prosecute. Love then refiled in state court.

burden to establish jurisdiction upon his or her voluntary resort to the federal courts.

## V.

For these reasons, we vacate and remand to the second and current district court to determine, in the first instance, whether jurisdiction lies in the federal courts and whether Love adequately states a claim, if the Defendants pursue such an argument on remand.

**VACATED AND REMANDED.**

OWENS, Circuit Judge, concurring in the judgment:

I concur in the judgment to vacate and remand this case. However, I respectfully disagree with the majority that issue preclusion applies notwithstanding waiver. I would therefore not reach the issue of waiver.

Here, the district court "confused Article III standing with the merits" of Love's Fourteenth Amendment claim under 42 U.S.C. § 1983. *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1109 (9th Cir. 2014). Despite framing the issue as one of standing, the district court found that Love previously failed to establish a "custodial, biological, or legal relationship between [himself] and decedent." In other words, the district court assessed whether Love previously asserted a cognizable liberty interest in his relationship with Thomas under the Due Process Clause, not whether he had standing. *See id.* (holding that the plaintiffs' failure to show

"a legal interest in the disposition of" their sibling's remains had no bearing on standing).**[1]**

By improperly characterizing the issue as a jurisdictional question, the district court also erred by applying issue preclusion.  Issue preclusion requires, *inter alia*, that "the issue was actually litigated and decided in the prior proceedings." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (citation omitted).  As the majority correctly notes, the issue in the *Terry* action could be reasonably characterized as one of Article III standing.  Majority at 6-7.  But Defendants attempted to preclude litigation on whether Love "had a due process right in the companionship . . . of the decedent," which was never litigated nor decided in the prior proceeding.  Issue preclusion was therefore unavailable. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065 (9th Cir. 2010) ("Where a decision could have been rationally grounded upon an issue other than that which the defendant seeks to foreclose from consideration, collateral estoppel does not preclude relitigation of the asserted issue." (internal quotation marks and citation omitted)).

Because the district court erred in framing the issue in this case as one of Article III standing and by subsequently applying issue preclusion, I agree that the panel should vacate and remand so the district court can properly assess the merits of Love's claims.

---

[1] As Defendants concede on appeal, this error was, in large part, a result of their own erroneous framing of the issue.