**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARRIE LOOMIS, as Trustee of the LOST CREEK TRUST

        Plaintiff-Appellant,

  v.

UNITED STATES INTERNAL REVENUE SERVICE

        Defendant-Appellee,

No. 22-36055

D.C. No. 2:22-cv-00099-RCT

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
Richard C. Tallman, Senior Circuit Judge Sitting by Designation, Presiding

Argued and Submitted March 28, 2024
Seattle, Washington

Before: WARDLAW, PARKER,** and MILLER, Circuit Judges.

Carrie Loomis, the trustee of the Lost Creek Trust (the "Trust"), appeals the

district court's dismissal of her suit seeking a refund of taxes alleged to have been

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

1

improperly collected. *See* 28 U.S.C. § 1346(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In 2003, non-party Christopher Close and another individual purported to transfer property (the "Property") to the Trust. Close was subsequently indicted and convicted of various crimes. In 2005 in a forfeiture proceeding, the district court concluded that Close had an interest in the Property, even though he had caused it to be held in the name of the Trust. *United States v. Close*, No. 3-cr-69 (D. Idaho Mar. 11, 2005), Dkt. No. 176 at 10 ("*Close I*"). The district court accordingly entered a preliminary order of forfeiture against the Property. *Id.* at 15. In a Tax Court proceeding in 2014 against Close and his wife, the IRS contended that the Trust was a sham and sought taxes on income derived from logging activities on the Property. *Close v. Comm'r*, 107 T.C.M. (CCH) 1124, *7, *10 (T.C. 2014) ("*Close Tax Court*"). Finding that the IRS failed to meet its burden of proof on the sham theory under federal tax law, the Tax Court rejected it without deciding who, under Idaho law, owned the Property. *Id.* at *12.

Shortly after the 2005 preliminary order of forfeiture, the Trust initiated an ancillary proceeding pursuant to 21 U.S.C. § 853(n) in the district court, contending that it had an interest in the Property. After an unexplained gap of eleven years, the district court held in 2016 that the Trust failed to allege any plausible facts or legal basis that established its ownership interest in the Property,

2

and that, under Idaho law, the transfer of the Property to the Trust was fraudulent because Close "had the actual intent to hinder, delay, or defraud creditors." *United States v. Close*, No. 3-cr-69 (D. Idaho Nov. 30, 2016), Dkt. No. 376 at 17, 20 ("*Close II*"). We affirmed. *United States v. Close*, 755 F. App'x 626 (9th Cir. 2018) ("*Close III*"). Following the conclusion of the forfeiture proceedings, the Property was sold, with $224,557.53 of the proceeds paid to the IRS to satisfy Close's various outstanding tax obligations.

In 2022, Loomis commenced this action on behalf of the Trust, seeking a refund of proceeds collected by the IRS. She argued that the Trust, not Close, owned the Property. *See* 28 U.S.C. § 1346(a)(1). The government moved to dismiss on the basis of, *inter alia*, issue preclusion, contending that the Trust was barred from claiming it had an interest in the Property because that issue was litigated and decided against it in *Close II*. The district court granted the motion, holding that *Close II* precluded the Trust's suit.

1.     The district court correctly concluded that issue preclusion applies against the Trust. "We review whether issue preclusion is available de novo and the district court's decision to apply issue preclusion for abuse of discretion." *Love v. Villacana*, 73 F.4th 751, 754 (9th Cir. 2023) (citing *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018)).

3

Issue preclusion applies if: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)). We conclude that each of the four factors was satisfied.

The Trust concedes that the second and third requirements are met but contends that the first and fourth are not met. As to the first, the district court properly concluded that the issues at stake in *Close II* and this case are the same. *See id.* In *Close II*, the Trust contended it had a legal interest in the Property, and in this case, the Trust contended that it was the owner of the Property. Further, both cases turned on the application of Idaho law. Additionally, pretrial preparation and discovery in *Close II* could have reasonably been expected to embrace the issue of whether the Trust owned the Property. *Id.*

As to the fourth requirement, the district court correctly determined that the Trust's interest in the Property was necessary for deciding *Close II* because a litigant proceeding under § 853(n) must be able to "assert[] a legal interest in [the forfeited] property[.]" 21 US.C. § 853(n)(2). Accordingly, the court appropriately applied issue preclusion against the Trust.

4

2. We also conclude that the district court correctly declined to apply issue preclusion against the government. As the district court noted in *Close II*, the Tax Court determined Close's tax liability under the tax code, not his ownership interest in the Property in relation to the interests of other parties. *Close II* at 11. Consequently, *Close Tax Court* did not provide a basis for precluding the government from arguing that Close owned the Property.

**AFFIRMED.**