**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC STEPHEN FREEZE,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>ELIZABETH E. GALLAGHER; JOSE T. ACUNA; ANN G. FREEZE, Revocable Trust; RONALD L. FREEZE, Revocable Trust; JAMES MASSINGALE; ANGELA MASSINGALE,<br><br>　　　　　Defendants - Appellees. | No. 24-5620<br><br>D.C. No. 2:23-cv-01135-JLR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted March 16, 2026[**]

Before:　　SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Eric Stephen Freeze appeals pro se from the district court's judgment on the

pleadings in his action alleging federal claims related to family property. We have

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(c) and the availability of issue preclusion. *Love v. Villacana*, 73 F.4th 751, 754 (9th Cir. 2023) (issue preclusion); *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) (Fed. R. Civ. P. 12(c)). We affirm.

The district court properly granted judgment on the pleadings on the basis of issue preclusion because the issues of property rights and of whether Freeze's alleged agreement with his father entitled him to any remuneration for work performed on the property were actually litigated and decided in the action to quiet title in Skagit County Superior Court. *See Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018) (explaining that federal courts apply state law regarding issue preclusion to state court judgments); *Christensen v. Grant County. Hosp. Dist. No. 1*, 96 P.3d 957, 961 (Wash. 2004) (setting forth requirements for issue preclusion under Washington law).

The district court did not abuse its discretion in denying Freeze leave to amend because amendment would have been futile. S*ee Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

We reject as unsupported by the record Freeze's contentions that the district court was biased against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Freeze's request to accept a late-filed brief, set forth in the reply brief, is denied as unnecessary.

**AFFIRMED.**