NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT L. ALLUM, | No. 24-7586 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-00061-DLC |
| v. | |
| STATE OF MONTANA; MONTANA STATE FUND; DOES, 1-100, Inclusive, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted May 26, 2026[**]

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Robert L. Allum appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging due process and other claims related to his

workers' compensation benefits. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) based on issue preclusion. *Love v. Villacana*, 73 F.4th 751, 754 (9th Cir. 2023). We affirm.

The district court properly dismissed Allum's action as barred by issue preclusion because the issues of whether the Montana State Fund is an arm of the state and whether Montana had consented to suit in federal court were actually litigated and decided in Allum's prior federal court action. *See Love*, 73 F.4th at 754 (setting forth requirements for issue preclusion under federal law); *see also Jensen v. Brown*, 131 F.4th 677, 696 (9th Cir. 2025) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." (citation omitted)).

The district court did not abuse its discretion in dismissing Allum's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

**AFFIRMED.**